J-S21010-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SHAWN CAMPBELL | : | |
| | : | |
| Appellant | : | No. 1323 EDA 2020 |

Appeal from the PCRA Order Entered March 6, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0006498-2017,
CP-51-CR-0006499-2017, CP-51-CR-0008808-2017

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SHAWN CAMPBELL | : | |
| | : | |
| Appellant | : | No. 1324 EDA 2020 |

Appeal from the PCRA Order Entered March 6, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0006498-2017,
CP-51-CR-0006499-2017, CP-51-CR-0008808-2017

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SHAWN CAMPBELL | : | |
| | : | |
| Appellant | : | No. 1325 EDA 2020 |

Appeal from the PCRA Order Entered March 6, 2020

In the Court of Common Pleas of Philadelphia County Criminal Division at No(s):  CP-51-CR-0006498-2017, CP-51-CR-0006499-2017, CP-51-CR-0008808-2017

BEFORE:   BOWES, J., OLSON, J., and COLINS, J.[*]

MEMORANDUM BY BOWES, J.:                     Filed: August 12, 2021

In these consolidated appeals, Appellant challenges the order dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA").  We affirm.

Appellant committed a series of armed robberies, was caught with the gun and proceeds from the robberies after a victim utilized the Find My iPhone application, and was identified by one of the victims.  Appellant was charged with a bevvy of crimes at the above docket numbers.  After he unsuccessfully litigated a suppression motion in which he sought to suppress both the physical evidence obtained by the police and a statement he gave following his arrest, Appellant ultimately entered a negotiated guilty plea.

In exchange for guilty pleas to five counts of robbery and one count of receipt of stolen property, the Commonwealth agreed to concurrent five-to-twenty-year terms of imprisonment plus four years of probation and the dismissal of the remaining charges, which included firearms violations, assault, and terroristic threats.  The trial court accepted the plea and

_____

[*] Retired Senior Judge assigned to the Superior Court.

sentenced Appellant according to the agreement. Appellant filed no post-sentence motion or direct appeal.

Appellant filed a timely *pro se* PCRA petition at all three docket numbers challenging the performance of plea counsel during the pretrial proceedings and in advising him to plead guilty. Counsel was appointed and, rather than amending Appellant's PCRA petition, he filed a no-merit letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*). The PCRA court issued notice of its intent to dismiss Appellant's petition without a hearing in accordance with Pa.R.Crim.P. 907, incorporating by reference counsel's no-merit letter. Appellant filed a *pro se* response to the notice. The PCRA court dismissed Appellant's petition and granted PCRA counsel's request to

withdraw.[1]  Appellant filed timely *pro se* notices of appeal,[2] and both he and the PCRA court complied with Pa.R.A.P. 1925.

Proceedings in this Court were delayed by, *inter alia*, confusion surrounding Appellant's representation status, the fact that privately-retained appellate counsel filed a brief only at one of this Court's docket numbers before his application for consolidation was granted, and the Commonwealth's receipt of multiple extensions of time to file a brief.  Those issues have now been

_____

[1] Neither the Pa.R.Crim.P. 907 notice nor the order dismissing the petition certified that the PCRA court conducted an independent review of the record and agreed with counsel that Appellant's PCRA petition was meritless.  **See Commonwealth v. Glover**, 738 A.2d 460, 466 (Pa.Super. 1999) ("When . . . the PCRA judge affirms by adopting counsel's 'no merit' letter, the certified record fails to demonstrate that the PCRA Court has conducted a meaningful independent review of the issues as required under **Turner** [and **Finley**].").  However, the PCRA court did author a Pa.R.A.P. 1925(a) opinion offering this Court a substantive explanation of its reasoning.  **Compare Commonwealth v. Rykard**, 55 A.3d 1177, 1186 (Pa.Super. 2012) (explaining that **Glover** is not implicated where the PCRA court authors a substantive Rule 1925 opinion).  In any event, Appellant, who is represented by counsel on appeal, does not challenge the propriety of the PCRA court's procedure in permitting counsel to withdraw.

[2] The order dismissing Appellant's petition is dated March 6, 2020, and also listed on the dockets of each case as filed on that date.  However, none of the three impacted case dockets reflects proper entry of the order pursuant to Pa.R.Crim.P. 114(C)(2) through the notation of the date of service of the order.  Consequently, the thirty-day appeal period has yet to commence.  Rather than quash these appeals as interlocutory, we exercise our discretion to treat as done that which ought to have been done and proceed to address the appeals.  **See**, **e.g.**, **Commonwealth v. Carter**, 122 A.3d 388, 391 (Pa.Super. 2015) (opting to treat notices of appeal as timely filed although the appeal period had not started running because the clerk of courts did not note service on the docket).

sorted out and briefs filed by both parties, such that the appeals are ripe for disposition.

As to all three appeals, Appellant presents the following question for our review:

> The [PCRA] court should have allowed [A]ppellant to present evidence in support of his claim that his guilty plea was induced improperly because of the existence of constitutionally infirm evidence in the form of a videotape confession regarding a weapon that was used to connect [A]ppellant to several robberies, trial counsel's failure to move to suppress the evidence and because counsel was ineffective for advising [A]ppellant to enter a plea of guilty rather than stand trial.

Appellant's brief at 2.

We begin with a review of the pertinent legal principles. "The standard of review of an order dismissing a PCRA petition is whether that determination is supported by the evidence of record and is free of legal error." *Commonwealth v. Cruz*, 223 A.3d 274, 277 (Pa.Super. 2019) (cleaned up). "[A] PCRA court has discretion to dismiss a PCRA petition without a hearing if the court is satisfied that there are no genuine issues concerning any material fact; that the defendant is not entitled to post-conviction collateral relief; and that no legitimate purpose would be served by further proceedings." *Commonwealth v. Cruz*, 223 A.3d 274, 277 (Pa.Super. 2019) (internal quotation marks omitted). Additionally, "[i]t is an appellant's burden to persuade us that the PCRA court erred and that relief is due." *Commonwealth v. Stansbury*, 219 A.3d 157, 161 (Pa.Super. 2019) (internal quotation marks omitted).

- 5 -

Appellant's claims challenge the performance of plea counsel. Accordingly, we observe that counsel is presumed to be effective, and a PCRA petitioner bears the burden of proving otherwise. **Commonwealth v. Becker**, 192 A.3d 106, 112 (Pa.Super. 2018). To do so, the petitioner must plead and prove: "(1) the underlying legal claim is of arguable merit; (2) counsel's action or inaction lacked any objectively reasonable basis designed to effectuate his client's interest; and (3) prejudice, to the effect that there was a reasonable probability of a different outcome at trial if not for counsel's error." **Commonwealth v. Selenski**, 228 A.3d 8, 15 (Pa.Super. 2020) (internal quotation marks omitted). "A failure to satisfy any prong of the ineffectiveness test requires rejection of the claim of ineffectiveness." **Id**. at 15 (cleaned up). Further, "[i]n the context of a plea, a claim of ineffectiveness may provide relief only if the alleged ineffectiveness caused an involuntary or unknowing plea." **Commonwealth v. Orlando**, 156 A.3d 1274, 1281 (Pa.Super. 2017).

Appellant's arguments in this Court center around a "15 second video [which] depicts appellant sitting in his car and says to his cousin, Darrin Romero, Jr. 'Get in the car, the gun is at my mom's house.'" Appellant's brief at 7. The video, which had been filmed in the same car from which the gun was later seized pursuant to a warrant, was not produced along with the rest

of the Commonwealth's discovery.[3] Appellant contends that counsel rendered ineffective assistance in recommending that Appellant plead guilty because of the existence of this video, instead of seeking to suppress the video "as a product of illegally seized evidence and in violation of ***Brady v. Maryland***, 373 U.S. 83 (1963), when the District Attorney's Office withheld exculpatory evidence from appellant until the eve of trial." Appellant's brief at 14. Appellant argues that "[d]ue to this last-minute disclosure of the videotape within days of [his] trial, and that the guilty plea was motivated by the videotape confession, he was advised incompetently by counsel to enter a plea of guilty and his plea was therefore, not tendered knowingly." ***Id***. at 15.

For many reasons, Appellant is entitled to no relief. First, as the Commonwealth duly notes, Appellant never raised this issue prior to appeal. ***See*** Commonwealth's brief at 9. Appellant's PCRA petition merely contains general complaints that counsel did not prevail in litigating the suppression motion and incompetently advised him to plead guilty. ***See*** PCRA Petition, 9/30/19, at 4, 8. In response to the PCRA court's Rule 907 notice, Appellant

---

[3] Appellant indicates that "[t]rial counsel may have been notified by the Philadelphia District Attorney's Office about the videotape at a later date, but was not given a description about what was said or done on the videotape." Appellant's brief at 13. It appears that Appellant is conceding that the Commonwealth identified the existence of the video at an **earlier** date, but is arguing that it did not produce it or detail its contents until the eleventh hour. Indeed, Appellant acknowledges elsewhere in his brief that nearly one year before his guilty plea, trial counsel informed him that the Commonwealth had indicated that "they had a gun video." ***Id***. at 7.

in more detail complained that, "all evidence seized in [the] present case is in violation of [his] 4th Amendment rights," and that "the existence of such evidence was the primary reason that [he] plead guilty." Response to Rule 907 Notice, 1/6/20, at 5.

Specifically, Appellant says his "plea of guilty should be invalidated because it was primarily induced or motivated by" the "oral statement given by [Appellant] to the police under coercive circumstances and in [the] absence of complete warnings required by [**Miranda v. Arizona**, 384 U.S. 436 (1966)], as well as a gun seized in an unlawful search." **Id**. at 8. Appellant asserted that he "can prove that his guilty plea was primarily motivated by his statement to police," and counsel's failure to challenge its admissibility. **Id**. The only apparent reference to his cousin's video is the following: "Because if [the] motion to suppress [had been] properly granted, the only evidence admissible against [Appellant] would have been his video taped statement." **Id**.

Hence, Appellant did not present the claim to the PCRA court which forms the basis of the argument that the PCRA court erred in dismissing his petition without a hearing. **See** Pa.R.A.P. 302(a) ("Issues not raised in the trial court are waived and cannot be raised for the first time on appeal."). **See also Commonwealth v. Roney**, 79 A.3d 595, 612 (2013) (holding **Brady** claim raised for first time on appeal from denial of PCRA petition was

waived); ***Commonwealth v. Mikell***, 968 A.2d 779, 782 (Pa.Super. 2009) (same as to claim of ineffective assistance of trial counsel).

Second, Appellant's argument does not make much sense. On the one hand, he asserts that counsel rendered a constitutionally deficient performance in not taking steps to ensure that the video taken by his cousin would not be admissible at trial. However, he also proclaims that the Commonwealth committed a ***Brady*** violation by not disclosing it to him earlier. Our Supreme Court has explained that "there are three necessary components that demonstrate a violation of the ***Brady*** strictures: the evidence was favorable to the accused, either because it is exculpatory or because it impeaches; the evidence was suppressed by the prosecution, either willfully or inadvertently; and prejudice ensued." ***Commonwealth v. Lambert***, 884 A.2d 848, 854 (Pa. 2005) (cleaned up). Appellant's position that the video was harmful and should have been excluded from evidence is completely contrary to his simultaneous contention that the video was favorable to him. Furthermore, the Commonwealth did not withhold it from Appellant. As the Commonwealth observes, the untimely production of the evidence does not amount to suppression within the meaning of ***Brady***, and at most would have warranted a continuance. ***See*** Commonwealth's brief at 10-12. ***See also Commonwealth v. Murphy***, 425 A.2d 352, 356 (Pa. 1981) (holding there was no ***Brady*** or other due process violation where the

defendant was given the information during trial and the late disclosure had no adverse effect on the defense).

Finally, Appellant acknowledges that trial counsel played the video for him at the prison before he decided to plead guilty. **See** Appellant's brief at 8. Thereafter, Appellant proceeded to execute both written and oral plea colloquies during which he indicated that trial counsel had communicated with him about the defense and plea negotiations, that he was willing to give up his right to seek suppression of the Commonwealth's evidence and to have a jury trial, that he was not forced to plead guilty, and that he was satisfied with his lawyer's service and advice. **See** Written Plea Colloquy, 12/3/18, at 1-3. **See also** PCRA Court Opinion, at 9-10 (citing N.T. Guilty Plea, 12/3/18, at 7-9). Appellant does not argue that he discovered anything new between then and now that made him realize that counsel had given him deficient advice. Rather, he seeks to invalidate his plea by contradicting the statements he made under oath at the time it was entered. This he may not do. **See Commonwealth v. Yeomans**, 24 A.3d 1044, 1047 (Pa.Super. 2011) ("A person who elects to plead guilty is bound by the statements he makes in open court while under oath and may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy." (cleaned up)). **See also Commonwealth v. Pier**, 182 A.3d 476, 480 (Pa.Super. 2018) (holding PCRA petitioner could not challenge the

voluntariness of his plea due to ineffective assistance of counsel by claiming that he lied under oath during his plea colloquy).

For any and all of the above reasons, Appellant has failed to convince us that the PCRA court erred in dismissing his PCRA petition without a hearing. Accordingly, we affirm the PCRA court's March 6, 2020 order.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/12/21